*United States v. Fefee*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:

> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                      22-3070

David Fefee,

> *Defendant-Appellant.*

---

FOR APPELLEE:                          Adrian S. LaRochelle and Carina H. Schoenberger, Assistant United States Attorneys, *for* Carla B. Freeman, United States Attorney for the Northern District of New York.

**FOR DEFENDANT-APPELLANT:** Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REMANDED** in part.

Defendant-Appellant David Fefee appeals the conditions of his supervised release. After completing a 160-month sentence for receiving and possessing child pornography, Fefee began a lifetime of supervised release. He promptly violated the conditions of that release by searching for child pornography and by using Incognito Mode to circumvent internet-monitoring software that was a condition of his internet access. The district court reincarcerated Fefee following these violations and revised the terms of his supervised release to include the two conditions Fefee now challenges. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

**I.     The "Single-Device" Condition**

Upon revocation, the district court added a new provision at the end of Special Condition #7: "You may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities." A.188. Fefee challenges the district court's modification of Special Condition #7 as an impermissible delegation of sentencing power to the Probation Office. *See, e.g.*, *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015) ("The power to impose special conditions of supervised release . . .

is vested exclusively in the district court."). In *United States v. Kunz*, 68 F.4th 748 (2d Cir. 2023), decided after briefing was completed in this appeal, we held that "any special condition granting Probation discretion to decide whether or not to restrict a supervisee to a single internet-connected device would constitute an impermissible delegation of the court's judicial authority." *Id.* at 767. The district court did not expressly restrict Fefee to one device, nor did it make an individualized assessment—based on Fefee's conduct and history—that such a restriction was appropriate. *See id.* ("We do not suggest that such a severe restraint on internet access could never be warranted, but rather that it would require particularized justification by the court."). Accordingly, we remand, directing the district court to vacate the final sentence of Special Condition #7 as an impermissible delegation of the district court's sentencing authority to the Probation Office. The district court may determine for itself whether to impose this limitation based on appropriate on-the-record findings. *See United States v. LaVancher*, No. 22-1709, 2023 WL 7293766, at *3 (2d Cir. Nov. 6, 2023).

**II.     The "Internet Limitations" Condition**

Fefee also challenges the imposition of Special Condition #9, which reads:

> Your internet use must be limited and/or restricted under conditions to be set by the U.S. Probation Office in accordance with their Computer and Internet Monitoring Program. Such internet restriction may include a limitation of your daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities as determined by the U.S. Probation Office. These determinations will be based upon an evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a).

A.188. According to Fefee, this condition impermissibly delegates sentencing authority to the Probation Office, is unconstitutionally vague, and bears an insufficient relationship to the nature of his offense.

Although the imposition of conditions of supervision is a task for district courts, the execution of those conditions is the responsibility of the Probation Office. Part and parcel of that responsibility is choosing minor details of how to implement the district court's chosen conditions. *Kunz*, 68 F.4th at 765. What constitutes a "minor" detail depends on context. *Id*. at 765–66. But in "the context of the broader monitoring regime" that the district court imposed here, the choices as to which websites, applications, etc., Fefee may access are "minor details." *Id*. at 766; *United States v. Whitaker*, No. 21-1543, 2023 WL 5499363, at *3 (2d Cir. Aug. 25, 2023) ("Although it is conceivable that Probation *could* manage Whitaker's supervision in a way that affects a 'significant liberty interest' and therefore exceeds its delegated authority, we need not construe the condition on its face as permitting it to do so where a narrower interpretation is possible."). We express no opinion on "[s]peculative future developments" about "future incremental computer monitoring adjustment[s that] may perhaps impose a greater burden on [Fefee's] day-to-day existence," *Kunz*, 68 F.4th at 773–74. Should the Probation Office impose such a restriction in the future, Fefee will be free to raise an as-applied objection to the district court. *Id*. at 774 & n.14. "For now, we are precluded from deciding such hypotheticals." *Id*. at 773.

The same is true of any vagueness challenges, which are presently unripe. *See id.* at 764–65 & n.7, 768–69 & n.9; *LaVancher*, 2023 WL 729376, at *3 (first citing *United States v. Rubel*, 823 F. App'x 1, 7–8 (2d Cir. 2020), then *United States v. Leone*, 813 F. App'x 665, 669 (2d Cir. 2020)).

Finally, we conclude that Special Condition #9 "is reasonably related to" the sentencing factors. *United States v. Browder*, 866 F.3d 504, 511 (2d Cir. 2017) (citation omitted); *see* U.S.S.G. § 5D1.3(b)(1) (requiring that special conditions be "reasonably related to," among other

4

things, "the nature and circumstances of the offense and the history and characteristics of the defendant"). The district court made an individualized assessment and explained its reasoning on the record. *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). It pointed to the immediacy and flagrancy of Fefee's violations—within months of beginning supervision, he searched for and accessed sexually explicit images of young boys—and the need to support his ongoing rehabilitation. The district court tied Special Condition #9 to Fefee's violative conduct and the factors set forth in 18 U.S.C. § 3553(a). A.164, 181. Moreover, the condition comports with the Sentencing Guidelines' recommendation that an online offender's conditions of supervised release should "limit[] the use of a computer or an interactive computer service." U.S.S.G. § 5D1.3(d)(7)(B); *accord* 18 U.S.C. § 3583(d)(3) (requiring district courts to consider "pertinent policy statements issued by the Sentencing Commission" in addition to the relevant § 3553(a) factors when crafting conditions of supervised release). This special condition thus fell within the "wide latitude" district courts enjoy in crafting conditions of supervision. *Kunz*, 68 F.4th at 758.

We have considered Fefee's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED** in part and **REMANDED** in part with instructions to vacate the final sentence of Special Condition #7.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5